Stephen Z. Starr
Vildan E. Starr
STARR & STARR, PLLC
260 Madison Ave., 17th Floor
New York, New York 10016
tel. (212) 867-8165
fax. (212) 867-8139

Attorneys for Defendant, Data Networks Corporation

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| BEARINGPOINT, INC., *et al.*, | : | Case No.: 09-10691 (REG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------x

| | | |
|---|---|---|
| JOHN DeGROOTE SERVICES, LLC, | : | Adv. Pro. No. 10-03849 (REG) |
| | : | |
| Plaintiff, | : | |
| | : | |
| - against - | : | |
| | : | |
| DATA NETWORKS CORPORATION, | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------------x

## **ANSWER**

Data Networks Corporation ("Defendant") answering the complaint in the above-captioned adversary proceeding dated October 7, 2010 ("Complaint") of plaintiff John DeGroote Services, LLC ("Plaintiffs"), states as follows:

## JURISDITION AND VENUE

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

## PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Defendant admits that it is a corporation organized under the laws of Virginia, denies that its principal place of business is at 309 International Circle, Suite 120, Cockeysville, Maryland 21030-1370. Defendant states that the statement contained in the second sentence of paragraph 11 are not allegations requiring a response.

## RESPONSES TO CLAIMS FOR RELIEF

## COUNT 1: AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS

12. Defendant incorporates by reference its answers to the allegations contained in paragraphs 1 through 11 of the Complaint as if fully set forth herein.

13. Defendant admits the allegations in paragraph 13 of the Complaint.

14. Defendant admits the allegations in paragraph 14 of the Complaint.

15. Defendant admits the allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant admits the allegations in paragraph 21 of the Complaint.

## COUNT II: AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS

22. Defendant incorporates by reference its answers to the allegations contained in paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Ordinary Course under 11 U.S.C. § 547(c)(2))

24. Defendant affirmatively alleges that Plaintiff is barred from recovery or relief against Defendant on the grounds that the Transfers (as such term is defined in the Complaint) are excepted from avoidance under 11 U.S.C. § 547(c) in that the Transfers were (i) payments of debts incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Defendant, and (ii) made in the ordinary course of business or financial affairs of the Debtor and Defendant or made according to ordinary business terms.

## SECOND AFFIRMATIVE DEFENSE
### (New Value under 11 U.S.C. § 547(c)(4))

25. Defendant affirmatively alleges that Plaintiff is barred from recovery or relief against Defendant on the grounds that the Transfers (as such term is defined in the Complaint) are excepted from avoidance under 11 U.S.C. § 547(c)(4) because after each transfer made by Plaintiff to Defendant, within the 90 days before the Petition Date (as such term is used in the Complaint), Defendant gave new value to or for the benefit of one or more of the Debtor and its affiliated debtors, not secured by an otherwise unavoidable security

interest and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of the Defendant.

**WHEREFORE**, Defendant respectfully demands judgment dismissing the Complaint, awarding to Defendant the costs of this adversary proceeding, and granting Defendant such other and further relief as is just and proper.

DATED: New York, New York
November 16, 2010

        STARR & STARR, PLLC

        By: /s/ Stephen Z. Starr
          Stephen Z. Starr
        260 Madison Ave., 17th Floor
        New York, New York 10016
        tel.: (212) 867-8165
        fax.: (212) 867-8139

        Attorneys for Defendant, Data Networks
          Corporation

# DECLARATION OF SERVICE

I, Stephen Z. Starr, declare as follows:

1. I am not a party to the above-referenced action, am over the age of 18 years old and maintain a business address at 260 Madison Ave., 7th Fl., New York, NY 10016.

2. On November 16, 2010, I caused the ANSWER of Defendant, Data Networks Corporation, to the complaint in the above-captioned adversary proceeding to be served upon counsel for plaintiffs by enclosing true copies thereof into postage-prepaid envelope addressed to (a) McKool Smith, P.C., Attn: Peter S. Goodman, Esq., One Bryant Park, 47th Fl., New York, NY 10036, and (b) McKool Smith, P.C., Attn: Basil A. Umari, Esq., Nicholas Zugaro, Esq., 600 Travis St., Ste. 700, Houston, TX 77002, and causing the same to be deposited into a designated depository maintained by the United States Postal Service.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Executed at New York, New York on November 16, 2010.

By: /s/ Stephen Z. Starr
Stephen Z. Starr